### DIETLIN v. EGAN.

(Common Pleas of New York City and County, General Term. December 5, 1892.)

**1. APPEAL—MOTION FOR REARGUMENT.**
    Where the trial court denied a motion to vacate an attachment on the ground that the motion raised a question of fact which should not be decided on affidavits, a motion for a reargument on appeal, on the ground that the court omitted to consider the question whether the court below refused the motion to vacate the attachment for want of power to vacate it, will be denied.

**2. SAME.**
    Under rule 16 of the court of appeals, adopted by the common pleas, general term, a motion for a reargument, based on a ground not presented on the argument, will be denied, unless it is shown that the decision is inconsistent with some statute or controlling decision, to which the court's attention was not before drawn.

Motion for reargument. Denied. For decision on appeal, see 19 N. Y. Supp. 392.

Robertson & Harmon, for appellant.
E. Huerstel, for respondent.

DALY, C. J. The ground of claim for reargument stated in the notice of motion is that the court omitted to consider the question whether the court below refused defendant's motion to vacate the attachment for want of power. No other ground appears in the motion papers. The

affidavit sets out that the appellant's counsel, through his inadvertence and negligence, while presenting the point did not present any authority on the question of the failure of the court to exercise its power. A reference to the appellant's brief upon the argument of the appeal in this court shows that he did not base his appeal upon error, in that the court below refused to vacate the attachment for want of power. His point simply was that the court " practically refused to entertain the application on the ground of want of power," and he refers to the opinion of the general term of the city court printed at folio 75 of the case. A perusal of that opinion fails to show that the city court doubted its power to afford the appellant the relief he asked. On the contrary, it appears that in denying the motion the court exercised its discretion upon the facts. The opinion is as follows: " The attachment was issued upon sufficient facts, which are controverted by defendant. The issue so raised should be determined by a jury, and not by a justice sitting in chambers and upon affidavits. The motion to vacate attachment was properly denied, and order appealed from must be affirmed, with costs." This disposition of the matter was in the exercise of a discretion, which undoubtedly resided in the general term, either to try the issues in the case (for the motion of defendant to vacate the attachment was based upon a denial of the cause of action and upon the defense of usury) upon affidavits, or to decline to do so; but nowhere does the court intimate any doubt of its power to take either alternative. This being so, there is no ground for reargument upon the merits of this motion. Nor does the appellant bring himself within the rule as to reargument laid down by this court following the court of appeals. Rule 16. It is not shown that any question decisive of the case has been overlooked by the court after being presented by counsel upon the argument, nor that the decision is inconsistent with any statute or controlling decision to which the attention of the court was not drawn. The point relied upon now as a ground of this motion was not urged, as we stated above, upon the appellant's brief. He only complained that the court " practically " refused relief on the ground of want of power, and no basis for even this modified claim was presented. Motion denied, with $10 costs. All concur.